UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JOSE L. GALLARDO-REGALADO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-cv-379 |
| | ) | 3:03-cr-101 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jose L. Gallardo-Regalado ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner pleaded guilty to the following three counts of a 17-count second superseding indictment: conspiracy to distribute and possession with intent to distribute in excess of 1000 kilograms or more of marijuana, 500 hundred grams or more of methamphetamine, and five kilograms or more of cocaine hydrochloride (Count One); conspiracy to commit money laundering (Count Two); and unlawful re-entry subsequent to conviction for commission of an aggravated felony (Count Thirteen). Petitioner received a term of imprisonment of 360 months as to the drug conspiracy and 240 months each as to the remaining convictions, all to be served concurrently, for a total effective sentence of 360 months. On subsequent motion by the government for reduction of sentence, as a result of

2

petitioner's substantial assistance, the judgment was amended to reduce petitioner's term of imprisonment to 250 months.

Petitioner did not appeal his sentence. In support of his § 2255 motion to vacate sentence, petitioner alleges that (1) he received ineffective assistance of counsel when his attorney did not hold the government to the plea agreement and did not object to the presentence report, and (2) the sentence imposed by the court was unreasonable.

III. Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective

3

standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

According to petitioner, his attorney told him that he would be sentenced to twelve (12) years if he pleaded guilty. Petitioner alleges he fulfilled his part of the plea bargain by pleading guilty and cooperating with the government, and in return he should have received only the twelve-year sentence. Petitioner also alleges that he dealt only in marijuana and should not have pleaded guilty to the other drugs. Petitioner thus argues that his guilty plea was not voluntary since it was based upon inadequate advice of counsel. Petitioner further claims that his attorney did not go over with him the elements of the offenses or the presentence report, and that his attorney did not object to errors in the presentence report as

4

to prior convictions nor did his attorney object to the type and amount of drugs attributed to petitioner.

In the factual basis in support of his guilty plea, petitioner stipulated in writing that he had sold at least 1,000 kilograms of marijuana to coconspirators and that, together with his coconspirators, was involved in the distribution of at least 500 grams of methamphetamine and at least five kilograms of cocaine. [Criminal Action No. 3:03-cr-101, Court File No. 378, Factual Basis, p. 2 (Under Seal)].

In his plea agreement, petitioner acknowledged that the court could impose any lawful term of imprisonment up to the statutory maximum [*id.*, Court File No. 377, Plea Agreement, p. 2, ¶ 1 (Under Seal)], and that the maximum penalty he was facing was a term of life imprisonment [*id.* at 3, ¶ 1]. Petitioner also acknowledged that the district court would determine an appropriate sentence under the sentencing guidelines. [*Id.* at 5, ¶ 7]. Petitioner further acknowledged his understanding of the nature of the charges against him, which the government was required to prove beyond a reasonable doubt [*id.* at 7-8, ¶ 11], as well as the rights he was giving up by pleading guilty [*id.* at 8-9, ¶ 12].

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [*Id.*, Court File No. 970, Transcript of Guilty Plea]. The court first determined that petitioner understood the nature of the charges against him. [*Id.* at 6-8]. The court then advised petitioner of the minimum and maximum sentence he was facing [*id.* at 8], of the rights he was waiving by pleading guilty [*id.* at 10-11], and that the court would determine his

5

Case 3:03-cr-00101-RLJ-HBG   Document 1044   Filed 08/10/09   Page 5 of 9   PageID #: 582

sentence after consideration of the sentencing guidelines and other factors set forth in the presence report [*id*. at 11]. Upon questioning by the court, petitioner denied that he had been promised a lighter sentence in return for pleading guilty and admitted that he was pleading guilty because he was in fact guilty. [*Id*. at 12-13].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In addition, it is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

As an exhibit to its response to the § 2255 motion, the government has attached the affidavit of petitioner's appointed attorney, Charles I. Poole. [Civil Action No. 3:06-cv-379, Court File No. 9, Response to § 2255 Motion, Exhibit 1, Affidavit of Charles I. Poole]. Mr. Poole denies all the allegations made by petitioner. Mr. Poole specifically testifies as follows:

> At no time did counsel advise Gallardo that he would receive any particular sentence. It was repeatedly stressed that the sentence would be imposed by the court after consideration of all the facts, including his criminal history, and there was no guarantee as to what sentence would be imposed by the court. Gallardo indicated that he understood this and agreed to cooperate in order to obtain the best deal possible.

[*Id.* at 5, ¶ 16]. Mr. Poole also testifies that he reviewed the presentence report with petitioner, that petitioner agreed with all the information in the presentence report, and that Mr. Poole and petitioner determined there were no objections to the presentence report that could be filed. [*Id.* at 6, ¶ 18]. For that reason, Mr. Poole notified the court that petitioner had no objection to the presentence report. [Criminal Action No. 3:03-cr-101, Court File No. 585, Notice of No Objection to Presentence Report].

Based upon the foregoing, petitioner cannot now claim that his guilty plea was not voluntary because he did not understand the charges against him nor can he claim that he was promised a sentence of twelve years in return for his guilty plea. Moreover, petitioner's self-serving claim that his attorney did not review the presentence report with him is contradicted by Mr. Poole's testimony. Accordingly, petitioner's allegations of ineffective assistance of counsel lack merit.

### B. Unreasonable Sentence

Petitioner alleges his original sentence was unreasonable, in light of *United States v. Booker*, 543 U.S. 220 (2005), because the court treated the sentencing guidelines as mandatory. Petitioner was sentenced on January 6, 2005; *Booker* was not decided until January 12, 2005, and thus did not apply to petitioner's original sentence.

Petitioner also challenges the accuracy of his presentence report with respect to prior convictions in the Commonwealth of Pennsylvania, as well as the type and amount of drugs attributed to him. As noted earlier, petitioner did not file any objections to the presentence report. A defendant who fails to object at the time of sentencing to alleged inaccuracies in the presentence report waives the right to challenge the presentence report in a collateral proceeding:

> If the system [of sentencing a criminal defendant] is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver.

*United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (citations omitted). *See also United States v. Jarman*, 144 F.3d 912, 915 (6th Cir. 1998) ("This circuit has explicitly held that failure to object to an enhancement operates as a waiver."); *U.S. v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding.").

8

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge
