UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:03-CR-101 |
| | ) | |
| JOSE LUIS GALLARDO-REGALADO | ) | |

## MEMORANDUM AND ORDER

This case is before the court on the defendant's motion for sentence reduction [doc. 1113]. Through counsel, the defendant asks for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 780, 782, and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 1118], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

### I.  Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other

guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated January 6, 2005, the Honorable James H. Jarvis sentenced the defendant to terms of imprisonment of 240 months as to each of Counts Two and Thirteen (money laundering conspiracy and illegal re-entry, respectively) and 360 months as to Count One (a controlled substance conspiracy), to be served concurrently for a net sentence of 360 months. The defendant's guideline range was 360 months to life, based on a total offense level of 37 and a criminal history category of VI.

In February 2006, Judge Jarvis reduced the defendant's sentence to 250 months pursuant to the government's Federal Rule of Criminal Procedure 35 motion. [Doc. 922].

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

That reduced sentence was 31 percent below the bottom of the guideline range.[2] According to the Bureau of Prisons, the defendant is presently scheduled for release on March 12, 2022.

**III.    Analysis**

Applying Amendment 782, the defendant's new guideline range is 292 to 365 months, based on a total offense level of 35 and a criminal history category of VI. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Pursuant to U.S.S.G § 1B1.10(c), a corresponding Rule 35 departure may be applied without regard to the mandatory minimum sentence.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, his post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.

---

[2] More specifically, the reduction was 30.56%. By his current motion, the defendant asks only for a "30.56%" reduction off of the bottom of his new guideline range. The United States' response similarly discusses only a "30.56%" reduction. However, it is the court's long-standing practice to round up, or round down, the percentage of reduction in these cases. The court will continue to adhere to that consistent practice herein.

## IV. Conclusion

For the reasons stated herein, the motion for sentence reduction [doc. 1113] is **GRANTED**. The defendant's term of imprisonment is reduced to 201 months as to each of Counts One, Two, and Thirteen, to be served concurrently for a net sentence of **201 months**. This sentence includes a corresponding 31 percent substantial assistance reduction from the bottom of the new guideline range.

Except as provided above, all provisions of the judgment dated January 6, 2005, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge